SCRIBNER, J.
The defendant in error, plaintiff below, while in the employ of The National Malleable Castings Company, about the 25th of January, 1893, lost a portion of one of his hands, while at work upon a machine known as a jointer, or planer, operated in the establishment of the defendant below. He brought an action against the company to recover damages, alleging negligence on its part as the cause of his injury, on the 25th of March, 1893. The case was tried in the court of common pleas, and, on the 22d of June, 1894, a verdict was rendered for the plaintiff below, the present plaintiff in error. The defendant below duly filed its motion for a new trial, for causes assigned *675 in the motion. This motion was overruled,and judgment was rendered on the verdict on the 26th of June, 1894. The defendant below, in due form, took its bill of exceptions, which was regularly filed in the case, and on the 14th of July, 1894, filed the present petition in error in the circuit court, to reverse the judgment which had been rendered against it in the court of common pleas upon the verdict returned by the jury.
The plaintiff below, in his petition in the court of common pleas, averred, in substance, first, that prior to the time of the accident, the plaintiff had been employed by defendant to labor in its establishment as a carpenter and joiner, and sec-ond, that on the 26th of January, 1893 — which, as I have stated, was the-day of the accident — he-was wrongfully ordered by the defendant to operate a machine known as a buzz planer; that this was outside of the scope of the plaintiff’s employment; that this machine was a very dangerous and difficult, machine to operate; that plaintiff was not acquainted with nor accustomed to the use thereof, and that he was ignorant of the danger incurred by him in operating the same. Further, that the defendant was informed by the plaintiff, at the time of or shortly after his employment, that be did not know how to operate or run machinery of that character, and did not want to operate it. That the defendant negligently failed to inform the plaintiff of the dangerous character of the machine, or instruct him in its use. Also, that the defendant negligently failed to provide proper and suitable guards or other protection to the dangerous and exposed parts of said machine to protect the operator from injury, or to provide suitable and proper tables, rests, benches, or other supports, to enable the plaintiff to properly and safely operate said machine and work the material furnished him to be dressed on said machine; and also that it required two persons to safely operate said machine; and defendant negligently failed to furnish any help whatever to the plaintiff to assist him, but wrongfully ordered him alone to dress said lumber; and-also that said machine had been recently moved and was out of alignment, with the driving shaft; that it was at the time adjusted and operated by inexperienced men and not kept in good condition-—causing it to be unsafe and defective in its operation — and this with the knowledge and consent of defendant.
It was further alleged in the petition that the plaintiff was-ignorant of the dangerous character of the machine; also ignorant of the necessity for safeguards or other appliances, or that it was unsafe to operate it without help, or that it was-in an unsafe and defective condition. And the plaintiff further averred that he was injured while endeavoring to carry out the defendant’s orders; that this injury was caused by reason. of the defendant’s negligence and without fault ón hiapart.
It will be noticed that the petition does not aver that thejointer was improperly or defectively constructed. It is averred that it was difficult and dangerous to operate, but not that it was imperfect or defective, either in its material or in its-construction. As to the machine itself, complaint is mad that it was not placed in alignment with the driving shaft; that it had been operated and adjusted by inexperienced men *676 and not kept in good condition, and was caused thereby to be defective and unsafe in its operation.
The other grounds of complaint do not relate to the machine itself, but are based upon the alleged failure of the company to inform the plaintiff of the dangerous character of the machine, or to instruet him in its rise, or to provide suitable guards, rolls, or other protection to the dangerous and exposed parts of the machine, or to provide suitable and proper tables, rests, benches' or other supports, to the lumber while being dressed on the machine; also in neglecting to furnish the plaintiff with a helper while operating the machine.
Much testimony was introduced to the jury, both by the plaintiff and the defendant below, on tke trial of the case. We have gone carefully through all this testimony — through the material portions of it twioe — and conclusions which we have reached, and which I shall proceed to announce, are based, so far as the facts are concerned, and so far as the law to be applied thereto is in question — upon a very full and careful consideration of the case and of the legal principles involved.
After the testimony had been introduced, various requests were made by the parties upon either side, for constructions to be given to the jury by the court. .
The charge of the court is set forth and contained in the bill of exceptions. The material portions are below stated, leaving out of view certain propositions not necessary to be here repeated.
The court read separately and gave to the jury certain of the plaintiff’s requests. Others were refused or modified.
The court also gave in charge to the jury certain of the deendant’s requests. Others were refused or modified,and then the court proceeded as follows:
Gentlemen of the jury: We give you the following instructions in pursuance of the requests submitted on the part of the plaintiff:
Thereupon the court read the several requests of the plaintiff, to which I have already called attention, and then gave them plaintiff’s request No. 15, modified so as to read as follows.
“If you find that it was brought directly to the knowledge of this defendant, that plaintiff was inexperienced, had never worked on or about this kind of a machine, or any other kind of a machine, and that he did not know anything about machinery, thén this defendant cannot escape liability by claiming that plaintiff ought to have known of the dangers which threatened him, unless such dangers were apparent to such inexperienced person.”
And then the presiding judge added:
“ We also give you the following requests presented by deendant:
And thereupon the court read to the jury certain requests of the defendant already referred to, and said:
“The further duties of the oourtare very brief. We read you the additional instructions as follows:
“Should the jury find for the defendant, your verdict will simply say ‘We find for defendant.’
“Should the jury find for the plaintiff, then it will be your duty to estimate in plaintiff’s favor such sum, within the amount claimed in plaintiff’s petition, as will compensate *677 plaintiff for the loss he has sustained. In computing such amount you will be at liberty to estimate such sum as wilt compensate for the pain he has suffered and for the loss resulting to him by reason of the injuries to his hand— compensation will be the object and the limit of your estimate.”
And this completes the instructions to the jury given by the court in this case.
Many legal propositions were submitted on the part of the plaintiff — twenty in number — seventeen of which were read to the jury. One of them, as above shown,'was qualified by the court. Thirty-nine requests were submitted on the part of the defendant, and most of these were read to the jury.. Occasionally one of them was modified somewhat, and these requests on the part of the plaintiff and on the part of the defendant being so read and given to the jury as furnishing the rules of law which were to assist them in determining the case, and in applying the facts to the law of the case, conclude with the language which I have read.
A charge of this character is considered by the supreme court of Ohio in the case of Baltimore & Ohio Railroad Co. v. Thomas Whittaker, 24 Ohio St. Rep, p. 642.
The syllabus is as follows: “In an action to recover for an injury on the ground of negligence, although the court charged the jury that the plaintiff cannot recover if his own negligence contributed to the injury, yet, in connection with such charge, so instructed the jury that they might reasonably believe that this rule only applies when the defendant is not negligent, such charge is misleading, and a judgment for the plaintiff based tlrereon should be reversed.”
On the trial of the case mentioned in this report, the trial court used this language:
“The first question you will consider is this: Was there negligence or want of ordinary care on the part of the defendant, or its agents or servants in running and managing the train which inflicted the injury on the plaintiff, at the time the injury was inflicted, and upon this question the burden of proof is upon the plaintiff. He must satisfy you by a preponderance of testimony of such negligence, or he cannot recover; and upon this question you may look to all the testimony and all the circumstances brought to your notice during the investigation of this case.
“And if the plaintiff shall satisfy you by a preponderance of testimony, that there was negligence or want of oidinary care on the part of defendant, and that the plaintiff has not been guilty of such negligence or want of ordinary care as proximately contributed to the injury, then he will be entitled to recover.
“The question that will next claim your attention is presented in the answer of defendant, and that is whether the injury was occasioned by the gross negligence of the plaintiff, cr whether the plaintiff has been guilty of such negligence, or such want of ordinary care, as contributed to the injury complained of.
“If, by the gross negligence of the plaintiff, the injury was nflicted, or by the negligence of the plaintiff, or by such want of ordinary care, he proximately contributed to the injury, while the defendant was in the exercise of ordinary care in *678 the discharge of its duty in the running of its train, the plaintiff cannot recover.
“The questions submitted to you are questions of fact, which you must determine from the testimony in the case, and from all the circumstances of the parties at the time the in-3 ury was inflicted, as you learn them from the testimony.
“ While you are deliberating upon these questions, I submit to you the following rules of law which will govern you in your deliberations, in determining these questions, whether the injury was occasioned by the negligence of the defendant, or his want of ordinary care, or whether the plaintiff, by his gross negligence, or want of ordinary care, contributed to the injury.”
The court, having thus premised, instructed the jury in regard to the facts to be inquired into, and proceeded to give and did give to the jury ten distinct propositions of law in the case, to which exceptions were taken. The supreme court in disposing of the case, by the chief justice, says:
“ Where, upon a question of negligence, the facts are disputed, and the proper inference to be drawn from the facts is doubtful, the case is peculiarly one for the determination of a jury,under proper instructions of the court. We do not. therefore, deem it advisable for us to pass upon the doubtful question urged upon us as to whether the jury were warranted by the evidence in finding a verdict for the plaintiff below. We are relieved from this, for we regard the charge of the court to the jury so far misleading in its general scope and character upon a material point, as to endanger a correct finding upon the facts by the jury.
“The trouble arises, in part, from following a practice, too common, of laying down general propositions, though they may be abstractly right, in such a manner as, when applied to the particular case, tend to embarrass rather than aid the jury in arriving at a correct conclusion.
“It is true the jury were told, in substance, that to entitle - the plaintiff to recover, he must be without fault himself, and must prove that he received the injury by reason of the negligenoe of the defendant. Still the cause was so given to them that they might feel warranted in finding for plainiiff, whatever his fault might have been, if they found the defendant wanting in ordinary care.
“ Upon the question of contributory negligence on the part of the plaintiff, the jury were, in the first place, instructed that if, by the want of ordinary care, he proximately contributed to the injury, while the defendant was in the exercise of ordinary care, in the discharge of its duties in the running of its train, the plaintiff could not recover.’ This is undoubtedly true, but is misleading, for it implies that the negligence of the plaintiff would not exculpate the defendant unless ordinary care was exercised on its part. This impression might reasonably be strengthened in the minds of the jury by the fifth, sixth and seventh rules of law, prescribed in the charge for the government of the jury.”
And further on, the chief justice says — and we deem this quite an important proposition applicabla in this case:
“But without passing upon that question, it is sufficient for the present purpose to say that it was given to the jury with ■ *679 out explaining that such negligence was anything more than the want of ordinary care; and the jury might well so understand it, since there was no claim in the petition, nor anything in the evidence, tending to show anything more than the want of ordinary care on the part of the defendant. Moreover, the jury were instructed that the ‘general rule’ was subject to the further exception that the defendant would not be exculpated, if it failed to exercise a proper degree of care to avoid the injury, when, by the exercise of ordinary care, it might have become aware of the danger. Thus the jury were left to find for the plaintiff, if the defendant failed, by the exercise of ordinary care, to avoid an injury to the plaintiff, to which he directly contributed himself by his own negligence.”
In turning to the requests submitted on the part of the plaintiff below, we commence first with No. 2, and we find that it reads as .follows:
“It is the master’s duty in all cases, when employing an inexperienced servant about machinery by which the servant may be injured, to notify him of the dangers to be avoided and to give him such instructions as to the operation of such machine as will enable the servant to fully understand the dangers, and operate the machine with safety to himself; and if the employer fails to so inform him of the dangers, or to give him such instructions, he is liable to the servant for any injury received by the servant, by reason of the lack of such information and instruction,”
There is incorporated in this request — which perhaps is not very objectionable — the statement to the jury, that it is the duty of the master to give such instructions to the servant as will enable the latter to fully understand the danger and to operate the machine with safety to himself. We think this instruction is subject to some criticism, but we will not stop to lay particular stress upon it.
No. 4 of the plaintiff’s requests is as follows:
“If you find that defendant failed to provide suitable rests or horses to support and steady the ends of long lumber while being worked upon this machine, and you find that such rests were necessary, and in the exercise of ordinary prudence should have been provided, then the defendant is guilty of negligence in this respect; and if this negligence was the proximate cause of the injury complained of, then plaintiff, if using ordinary care about his work, is entitled to recover.”
As to this instruction we have a few words to say. It is, in substance, that if the defendant failed to provide suitable rests or horses to support and steady the ends of long lumber while being wmrked upon the machine, and ordinary prudence required such rests, then the defendant is guilty of negligence, and if this was the proximate cause of the injury and plaintiff was using ordinary care about his work, he is entitled to recover. This leaves out of consideration the fact, admitted by the plaintiff, that he knew that rests had not been provided. The testimony shows that he had acted as helper seven or eight times on that machine. The jury were not; instructed upon the question as to whether or not the plaintiff had thereby learned that supports should have been provided, or whether by his conduct he had not waived all objections on this score. The fact is shown by the testimony of Campfleld, that *680 a helper was better than a rest, and safer, and it does not appear, even by the testimony of the plaintiff himself, that a helper was refused him or that he had asked for one. This is admitted by the plaintiff in his testimony, and is proven by Locey, who assisted in ripping out the stuff on the day when the injury occurred, and by the testimony of Deveau. This seems'to bring the ease within the ruling in Cleveland, Columbus & Cincinnati R. R. Co. v. Crawford, 24 Ohio St., 531, where the court held:
“In an action for damages for alleged negligence, the question of negligence on the part of the defendant, or contributory negligence on the part of the plaintiff, is a mixed question of’ law and fact, to be determined by the jury, under proper instructions from the court.”
The language of the court upon this subject is found upon page 640 of the opinion. 1 should say, however, in this connection that in No. 33 of the defendant’s requests, further instruction was given by the court upon the same subject.
“33. If the jury shall find from the evidence that no horse, bench, or other support was provided to be used with the machine in question, and if the jury shall find that the absence of such support was a defect in the machine, then the plaintiff cannot recover in this action by reason of the absence of such support or supports, unless the jury find from the evidence that at the time be commenced to .operate the machine on the day he was injured, he did not know, and by the exercise of reasonable diligence on nis part could not have known, that there was no supjport or supports provided; for if on the day he was, injured he commenced the operation of the machine, knowing, or, by ordinary observation having the means of knowing,that there were no supports, such as horse, bench, table or like structure, then he cannot recover in this action on the ground that no support was furnished or provided.”
It is very difficult to reconcile this instruction with No. 4, previously submitted and given on the part of the plaintiff, and it seems to us that the giving of instructions so in conflict-had a strong tendency to mislead the jury.
No. of the plaintiff’s requests is as follows:
“If you find that plaintiff was employed in the capacity of carpenter and joiner, and did not engage to do work on thejointer in the shop,and that working on such machine was outside the scope of his ordinary duties as a carpenter, and was dangerous, and subjected the plaintiff to risks which he had no reason to expect or consider as being within his employment, and that defendant ordered him to do work thereon, in performing which work he was, without fault on his part, injured, then I charge you, plaintiff is entitled to recover, even though he may have been to some extent aware of the dangers incurred in obeying the order; provided you And from the evidence that the danger which actually caused plaintiff’s injury-was a danger not understood-by him at the time.”
By this instruction, which was given without qualification, the defendant is made liable, although without fault on its part, if the injury resulting was caused by the use of the machine. provided the defendant requested the plaintiff to work it. No matter that the machine was perfect and in good repair. It is'not suggested that the question of the liability of *681 the defendant depends upon any defect, in the machine, but simply upon the fact that it was dangerous. There was no suggestion or instruction that it must appear that the defendant had been guilty of negligence or that it had failed to exercise proper care in setting the plaintiff to work upon the machine; the case is put to the jury upon the sole ground that the plaintiff was required to work upon the machine, and was injured while working upon it, and that this work was outside of his regular duty.
We have examined the cases cited in the brief for defendant in error in support of this instruction, and fail to find in either of the cases cited, and to which we have access, support, or at least satisfactory support, of the issue of law so given to the jury. The proposition is, that if the plaintiff was not employed to work upon this machine, but to do other work, and was set to work upon it, and without fault on his part, was injured while so operating the machine, the defendant is liable, without any suggestion that the machinery was in any respect defective, imperfect, or out of order, or that anything was wrong with it, or that the defendant had been guilty of any negligente whatever — unless it should be found to be negligence to put the plaintiff at work upon the machine against objections previously made — not made at the particular time,but against objections previously made, and should ipso facto and by .force and operation of law, impose upon the defendant responsibility for an injury which occurred from the use of the machine simply because it was of a dangerous character and the defendant had not contracted to operate and use it.
Some of the authorities cited in support of this proposition go to this extent, that under such ciroumstances and in such a ease the company may and should be liable even if a co-servant be guilty of negligence in the operation of the machinery, or in connection with the circumstances which occasioned the accident. The master, it is said, is not protected because of the fact that negligence of a co-servant contributed to the injury; but the mere naked proposition that an employe who has gone to work upon a machine perfect in its construction and operation, but dangerous only in its operation, has been injured, ipso facto renders the master liable, is not, in our judg ■ ment, supported by the authorities.
Request No. 6 — which was given — is as follows:
“The general danger to the hand, of accidentally coming in contact with the revolving knives, may be plain; yet the particular danger to be guarded against in order to prevent such an accident, might not be known without experience or instruction.’’
This instruction, in our judgment, was not upon a matter of law — it related to a question of fact. The jury were to find upon the question whether or not the particular danger to be guarded against might be known without experience or instruction.
“8. Although any person might readily see that if any part of the body came in contact with the revolving knives, it would be injured, yet if plaintiff did not know, or have reason to suspect, that it threatened injury to himself, if he used such *682 skill as he was then possessed of, he is not guilty of contributory negligence.”
This request also ignores the fact that there was testimony tending to show that the plaintiff had acted as a helper several times in operating the machine, and had thereby acquired some knowledge as to whether or not a helper or a. rest was necessary in safely operating it, and entirely omits instructing the jury upon the point as to whether or not the plaintiff had been guilty of contributory negligence in operating the machine without a helper, or asking for one, or without a'sking for a rest.
No. 9 of the plaintiff’s request is:
“If the jury find from the evidence that in the use af this planer or jointer there were, because of knots or irregularities in the grain of the material, or from the swaying back and forth of a long narrow strip, or from any other cause, dangers, %to which a person having little or no experience in the use of ‘such machines might be exposed, unknown to himself, or which an ordinary man under like circumstances would not be expected to know, and you find that plaintiff was inexperienced in the use of such machines, and that defendant failed to'inform plaintiff of such dangers, then defendant was guilty of negligence as to this plaintiff.”
This makes the company liable for damages arising from any cause in the use of the machinery, whether caused by a defect in the construction, or dangers ordinarily incident, to the operation of the machine when properly constructed, or from any other cause. An accident occurring whereby the safe and proper working of the machine was interfered with, and this without the fault of defendant and entirely unknown to it, would, under this instruction, render the defendant liable. The specific dangers to which attention is called in chis request relate to those arising from irregularities in the grain or material, or to the swaying back and forth of a long narrow strip. In this connection the knowledge that the plaintiff might have acquired by experience is again ignored. The instruction proceeds upon the assumption that the plaintiff was inexperienced in the use of such a maohine, but does not submit to the jury the question as to whether or not he was ignorant of the assumed danger. The instruction is confined to a person who has little or no experience, and is not so framed as to apply to the faots as they existed with reference to the plaintiff himself. It entirely leaves out of view the question as to whether or not the x>laintiff, notwithstanding his inexperience, knew, or did not know, of this particular danger, or whether, with proper care, he should not have known of it. It is simply confined to the question as to 'whether or not the plaintiff was inexperienced, without any special reference to the case as assumed in the statement.
“12. The duty of the employer towards his employe is to provide a machine as safe as can be provided, in the exercise of ordinary care and prudence, and the employer is negligent in this respec't if he neglects to do what a person of ordinary care and prudence would have done under the circumstances.”
This request we think is misleading. It starts out in this way: “The duty of the employer towards his employe is to provide a machine as safe asean be provided,” and then there *683 is superadded, “in the exercise of ordinary care and prudence.’’
If you transpose the sentence, it will read: “In the exercise of ordinary care and prudence, the duty of the employer towards the employe is to provide a machine as safe as can be provided.” We do not understand that the law imposes upon the master any such duty as that. He is required to exercise ordinary care and to procure machines such as are in ordinary and common use, and reasonably safe; but the law does not require him to go out and find a machine as safe as can be provided. There, is attached to this request what possibly might render it harmless, and yet it might not: “And the employer is negligent in this respect if he neglects to do what a person of ordinary care and prudence would have done under' the circumstances.” This assumes it to be the duty of the master to provide as safe a machine as can be provided, and that a person of ordinary care and prudenoe would provide such a machine. This request seems to proceed upon that idea, and we think it is erroneous.
The 14th request is made up of several distinct propositions, but they are all propounded as one proposition.
“If the defendant, knowing plaintiff to be inexperienced, put him at work upon a dangerous machine, without warning or giving him instructions, then defendant was guilty of negligence.”
We make no criticism upon that request.
“If defendant neglected to place guards on this jointer, when, by the exereies of ordinary prudence, he should have provided them, the defendant was guilty of negligence.”
Upon the subject of providing guards for the jointer — that is a oovering over the knives, in whole or in part — the testimony was very conflicting. It appears from a great deal of the testiinon) at. at the time of this accident, no such guards were used — u tss possibly in one shop in this city — and there was much conflict in the testimony of experts as to whether or not it was practicable or safe and proper to operate these machines with guards placed over the knives. This request also leaves out of view such knowledge as the plaintiff shows by his testimony he had acquired in assisting as a helper to operate this machine.
“If defendant failed to provide suitable rests or supports to be used in dressing long lumber, or failed to provide sufficient help to operate the jointer, when in the exercise of ordinary care for the safety of his employes he should have provided such rests or such additional help, then defendant was guilty of negligence.”
I think this request is subject to the same criticism.
“If defendant was negligent in any one or more of the various ways, alleged in the petition, and such negligence was the probable cause of plaintiff’s injury, then plaintiff, if he exercised ordinary care about his work, is entitled to recover in this action.”
We think the court erred in giving this request. The probabilities arising upon the evidence might have warranted the jury in finding that the alleged negligence caused the injury; but to find that it probably caused the injury would not have been sufficient.
*684 Bequest No. 15 was somewhat faulty, but it was modified.
“18. If there is doubt whether the act which the servant is ordered to perform is within the scope of his employment, the servant is not obliged to refuse obedience and run the risk of being discharged. He may obey the command in such ease, and does not thereby assume the risk of injury in such manner as will relieve the master from liability.”
The first clause of this request seems to be correct as a proposition of law ; but the concluding clause is a very indefinite statement. If it is intended by the language there used to give the jury to understand that in case a servant is injured while acting outside of the scope of his employment by being put to work upon machinery he had’not undertaker to work upon, thereby ipso facto, liability is east upon the master, we think, the proposition is wrong. We have already given the reasons why, in our opinion, the master does not become liable per se from the mere fact that the servant is injured while working on dangerous machinery at the request of the master, without any fault on the part of the master other than in requesting him to do the work at which he was injured. And this request, as it stands, therefore, is calculated to mislead. The request declares that the servant may obey the command and does not thereby assume the risk of injury in such manner as will relieve the master from liability. It is true that he does not assume the risk of injury if the master has in any repect been guilty of any act whioh should charge him with the result of the injury, but in our judgment, the request involves the statement that the mere fact that the servant has done the work, and nothing else, casts the liability upon the master.
“19. If the jury find that the absence of a guard on the machine was a defect, but that plaintiff did not know anything about such a guard, or that its absence was a defect, then he cannot be charged with negligence in attempting to run the machine in its unguarded state; and the same is true with reference to the horses or benches for the support of the lumber.”
Taken abstractly, there may be no serious defect in this request, but we have this to say in regard to it: It assumes that the defendant is liable if the jury find that the absence of a guard on the machine was a defect. The statement on the proposition as submitted is that the plaintiff in such case cannot be charged with negligence in attempting to run the machine in its unguarded state, if he did not know anything about such guard, or that its absence was a defect. This instruction, by implication, authorized the jury, or might lead the jury to conclude, that the defendant was guilty of negligence if they should be of opinion that the jointer should have been equipped with a guard, notwithstanding the testimony of many witnesses that it is in a measure impracticable to use it, and notwithstanding the testimony that at the time of the accident very many suoh machines were not equipped with a guard.
The rule as to the degree of care required is stated by the supreme court in the case of Cleveland, Columbus & Cincinnati R. R. Co. v. Terry, 8 Ohio St., 570 and 571:
“The degree of care required in such cases of the employers, and also of the party injured, is merely ordinary care and prudence, the perils to be encountered, and all other circum *685 stances under which the injury was inflicted and received being considered.”
Baker, Smith & Baker, for Plaintiff in Error.
I. N. Himtsberger, for Defendant in Error.
In the opinion the court say:
“Ordinary care is not defined in the charge copied in the bill of exceptions, but it is well known to be that degree of care which persons of ordinary care and prudence are accustomed to use and employ, under the same or similar circumstances,in order to conduct the enterprise in whioh they are engaged to a safe and successful termination, having due regard to the right of others and the objects to be accomplished.”
Whether or not the plaintiff was guilty of contributory negligence in operating the planer in the absence of a guard, is immaterial, unless it appears that the defendant was guilty of negligence in requiring the plaintiff to operate it without such guard. Whether or not it was so guilty depends upon the question as to whether or not it exercised ordinary care — such care as men of ordinary prudence and intelligence, under - the oircumstances, would have exercised.
In the request submitted by counsel for plaintiff below, and given to the jury by the court, frequent use is made of the terms “ordinary oare,” and “ordinary prudence,” but nowhere in the charge of the court is the jury instructed as to what constitutes “ordinary cáre,” or “ordinary prudence.” In request No. 19, above set forth, the jury are left to infer, that if they find the absence of a “guard” to be a defect, they may also And the company guilty of negligence, even though the company aoted upon its best judgment, and the best judgment of many experienced manufacturers in omitting to use a “guard,” and even though they may be plainly within the rule determining what snail constitute ordinary care, as frequently declared by the supreme court.
Upon the whole, we are of the opinion that error had intervened in the instructions given by the court, and the refusal to instruct, as has been pointed out in the opinion just pronounced, and that for those reasons the judgment should be reversed, the motion for a new trial be granted, and the case remanded to the court of common pleas for further proceedings according to law.